IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| KEVIN L. CRAFT, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:12-cv-560 |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY, INC. | § | JURY DEMAND |
|    Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KEVIN L. CRAFT, hereinafter referred to as Plaintiff, complaining of Defendant, MARQUETTE TRANSPORTATION COMPANY, INC., and for cause of action would respectfully show as follows:

### A. PARTIES

1.     Plaintiff, KEVIN L. CRAFT, is an individual and a citizen of the State of Mississippi.

2.     Defendant, MARQUETTE TRANSPORTATION COMPANY, INC., is a corporation that is incorporated under the laws of the State of Delaware.  Defendant may be served through its registered agent, David Parsiola at 8056 Highway 23, Suite 200, Belle Chasse, Louisiana 70037.

### B. JURISDICTION

3.     Jurisdiction of this Court is invoked pursuant to General Maritime Law, the Jones Act, 46 U.S.C. App. § 30104, *et seq.* and Diversity.

### C. FACTS

4.     Upon information and belief, at all relevant times, Defendant MARQUETTE TRANSPORTATION COMPANY, INC. owned the *M/V Kelly Rae Erickson*.  Plaintiff would show

that this lawsuit has become necessary as a result of personal injuries which he sustained on or about May 15, 2011. On the date in question, Plaintiff was employed by Defendant, MARQUETTE TRANSPORTATION COMPANY, INC., as a seaman and was a member of the crew onboard the *M/V Kelly Rae Erickson.* At the time of the incident, the Captain was maneuvering the *M/V Kelly Rae Erickson* and its tow out of the locks and Plaintiff and another crew member were ordered to tighten up the barges. The wire line that the Plaintiff and his fellow crew member were ordered to tighten up was old, rusty, stiff and kinked and as a result was very difficult to work with. When Plaintiff attempted to pull on the wire line, the other crew member failed to pull as he should have and as a result, Plaintiff injured his back and body in general.

### D. CAUSES OF ACTION

**Jones Act - Negligence**

5.    Plaintiff reasserts Paragraphs 1 through 5 as if recited again verbatim. At all relevant times, Plaintiff was in the course and scope of his employment with the Defendant, MARQUETTE TRANSPORTATION COMPANY, INC. The actions and/or inactions of the Defendant, MARQUETTE TRANSPORTATION COMPANY, INC. and/or its officers, agents and/or employees constitute negligence. Specifically, Defendant was negligent in one or more of the following non-exclusive particulars:

   a.    Failing to provide Plaintiff with a safe place to work;

   b.    Failing to properly maintain and/or replace the wire line which Plaintiff was ordered to pull the slack out of;

   c.    Failing to provide Plaintiff with safe and proper equipment to safely perform his job. Specifically, the wire line was old, stiff and rusty and kinked;

   d.    The deckhand assisting Plaintiff failed to snatch the wire when he should have;

e.    The Captain was negligent in ordering the Plaintiff and his co-worker to tighten up the barges as he was in the process of performing a twisting maneuver as he came out of the locks;

f.    Other acts and/or omissions which may be shown at the time of trial.

6.    The negligence of Defendant, MARQUETTE TRANSPORTATION COMPANY, INC. as set forth above was a proximate and/or producing cause of Plaintiff's injuries and damages.

**General Maritime Law - Unseaworthiness**

7.    Plaintiff will further show that at the time of the incident made the basis of this suit, the *M/V Kelly Rae Erickson* was unseaworthy.  Specifically, the vessel was unseaworthy in the following non-exclusive particulars:

a.    The vessel did not have a properly trained Captain or crew;

b.    The wire line that Plaintiff was ordered to tighten was old, stiff, rusty and kinked;

c.    Other respects as may be shown at the time of trial.

8.    Said unseaworthy condition was a proximate and/or producing cause of Plaintiff's injuries and damages.

**General Maritime Law – Maintenance and Cure**

9.    Plaintiff will further show that Defendant, MARQUETTE TRANSPORTATION COMPANY, INC. breached its absolute duty to provide Plaintiff with maintenance and cure.

## E.  DAMAGES

10.    As a legal and proximate result of Defendant's conduct and/or of the unseaworthy condition of the *M/V Kelly Rae Erickson*, Plaintiff suffered the following injuries and damages:

a.    Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

f.    Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

g.    Plaintiff has suffered a past loss of found damages, and in all reasonable probability, will sustain a loss of found damages in future.

11.    As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits. Plaintiff also seeks Punitive damages for Defendant's willful and wanton failure to pay maintenance and cure.

### JURY DEMAND

12.    Plaintiff requests a trial by jury on the merits.

### PRAYER

13.    WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendant for the following:

a.    a sum in excess of the minimum jurisdiction limits of this Honorable Court;

b.      pre-judgment interest and post-judgment interest at the maximum legal rate;

c.      costs of court; and

d.      any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

By: */s/ Steve Gordon*
    Steve Gordon
    Louisiana Bar No. 24109
    1811 Bering Drive, Suite 300
    Houston, Texas 77057
    (713) 668-9999 Telephone
    (713) 668-1980 Facsimile

**ATTORNEY FOR KEVIN CRAFT**